UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE KASSAB,<br><br>                    Plaintiff,<br><br>v.<br><br>THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, et al,<br><br>                    Defendants. | Case No.: 24-cv-402-CAB-BLM<br><br>**ORDER GRANTING UNITED STATES OF AMERICA'S MOTION TO DISMISS AND REMANDING TO STATE COURT**<br><br>**[Doc. Nos. 8, 19]** |

Presently before the Court is Defendant Regents of the University of California and Defendant United States of America's motions to dismiss. [Doc. Nos. 8, 19]. The motions were fully briefed as of June 17, 2024 and the Court finds them suitable for determination on the papers. For the reasons set forth, the United States of America's motion to dismiss is **GRANTED** and this case is **REMANDED** to state court for further proceedings.

I.    **BACKGROUND**

On January 28, 2023, Plaintiff Steve Kassab allegedly went to the University of California San Diego Medical Center to be treated for an illness. [Compl. at ¶ 7]. Plaintiff allegedly received a medical exam and was told by employees of the medical center that Plaintiff's heart failure had "gotten worse" and he was referred to a different clinic in the hospital. [Compl. at ¶ 9]. Instead of being taken to a different clinic for heart failure, he

was allegedly transferred to a psychiatrist who "placed Plaintiff on a psychiatric hold, against his will." [Compl. at ¶ 10]. Plaintiff was allegedly first placed on an initial hold pursuant to California Welfare and Institutions Code § 5150, and further placed on an involuntary hold pursuant to Welfare and Institutions Code § 5270. [Compl. at ¶ 12]. Plaintiff was allegedly held in the hospital until February 14, 2023. [Compl. at ¶ 11]. While in the hospital, Plaintiff was allegedly forced to take medication and was denied family visitation. [Compl. at ¶ 16].

On November 1, 2023, Plaintiff Steve Kassab, through his counsel at the time, filed the Complaint in the San Diego County Superior Court against the Regents of the University of California, the UC San Diego Medical Center, and various psychiatry employees. [Doc. No. 1-4]. There are three state law causes of action in the Complaint: (1) medical malpractice, (2) lack of informed consent, and (3) false imprisonment without arrest. On February 29, 2024, Defendant United States of America removed the case to this Court, substituting itself for Defendant Alice Kisteneff, an employee of the Navy at the time of the events at issue. [Doc. No. 2]. On March 21, 2024, Defendant Regents of the University of California filed a motion to dismiss. [Doc. No. 8]. On April 25, 2024, Defendant United States of America filed a motion to dismiss. [Doc. No. 19]. In between the filing of both motions, Plaintiff's original counsel withdrew from representation and Plaintiff is now proceeding *pro se*.

## II.     STANDARD FOR REVIEW

On a motion to dismiss pursuant to Rule 12(b)(1), the standard to be applied varies according to the nature of the jurisdictional challenge. A motion to dismiss for lack of subject matter jurisdiction may either attack the allegations of jurisdiction contained in the complaint as insufficient on their face to demonstrate the existence of jurisdiction ("facial attack"), or may be made as a "speaking motion" attacking the existence of subject matter jurisdiction in fact ("factual attack"). *Thornhill Publishing Co. v. General Tel. & Elec. Corp.,* 594 F.2d 730, 733 (9th Cir.1979); *Mortensen v. First Fed. Sav. & Loan Ass'n,* 549 F.2d 884, 891 (3d Cir.1977). If the motion constitutes a facial attack, the court must

consider the factual allegations of the complaint to be true. *Williamson v. Tucker,* 645 F.2d 404, 412 (5th Cir.1981); *Mortensen,* 549 F.2d at 891.  If the motion constitutes a factual attack, however, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Thornhill,* 594 F.2d at 733 (quoting *Mortensen,* 549 F.2d at 889).

In an action where the United States is named as a defendant, a court will have no subject matter jurisdiction unless a specific statute can be relied upon which waives the Government's sovereign immunity. *See United States v. Alabama,* 313 U.S. 274 (1941); *see also Soriano v. United States,* 352 U.S. 270 (1957).  "Limitations and conditions upon which the government consents to be sued must be strictly observed and exceptions are not to be implied."  *Soriano,* 352 U.S. at 276; s*ee also United States v. King,* 395 U.S. 1, 4 (1969).

### III. DISCUSSION

First, the Court shall assess the merits of the United States' motion to dismiss on lack of jurisdiction, as it will determine whether this Court has jurisdiction over Plaintiff's claims.  The United States argues that the Court lacks jurisdiction over Plaintiff's tort claims against it because he has not exhausted his administrative remedies pursuant to the Federal Tort Claims Act ("FTCA").  The Court agrees.

To pursue tort claims such as false imprisonment and medical malpractice against the government for the actions of its employees, a plaintiff must first exhaust all administrative remedies as required by the FTCA.  *See* 28 U.S.C. § 2675(a).  "The requirement of an administrative claim is jurisdictional" and cannot be waived.  *Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000).  To satisfy this requirement, a plaintiff must first file such a claim with the agency, and have it finally denied by the agency in writing, before it can be heard in federal court.  *See id.*

Defendant United States asserts that Plaintiff has not filed an administrative claim with the Department of the Navy and have submitted a declaration confirming this

assertion. [Doc. No. 19-1].  Plaintiff's response to the motions to dismiss does not respond to this argument or proffer that he attempted to file an administrative claim with the Navy for actions committed by Navy employee Alice Kisteneff.  Ultimately, Plaintiff has failed to comply with the FTCA, and the Court lacks subject matter jurisdiction over his claims against the United States of America.  Accordingly, his claims against the United States of America are hereby **DISMISSED.**

Finally, because "dismissing Plaintiff's claims against Defendant United States 'extinguishes the only viable basis for federal jurisdiction, there is no reasonable basis for exercising jurisdiction over Plaintiff's remaining state law claims.'" *Martinez v. Kaweah Delta Med. Ctr.*, No. 1:21-CV-01601-EPG, 2021 WL 6118650, at *4 (E.D. Cal. Dec. 27, 2021) (quoting *Medina v. United States*, No. 1:20-CV01030-AWI-SKO, 2020 WL 654497, at *2 (E.D. Cal. Nov. 6, 2020).  Plaintiff filed this case in state court, all his causes of action arise under state law, and a state court is better suited to assess the merits of the Regents' motion to dismiss.  Accordingly, the Court **REMANDS** the remainder of this action to state court.

## IV.   CONCLUSION

For the reasons set forth, the Court hereby **DISMISSES** Plaintiff's claims against the United States of America and **REMANDS** this case to the San Diego Superior Court for further proceedings.  Plaintiff's motion to appoint counsel [Doc No. 30] is hereby **DENIED AS MOOT.**

The Clerk of Court shall **REMAND** this action and **CLOSE** this case.

It is **so ORDERED.**

Dated:  July 3, 2024

_____
Hon. Cathy Ann Bencivengo
United States District Judge