UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE KASSAB,<br><br>                              Plaintiff,<br><br>v.<br><br>THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, et al,<br><br>                              Defendants. | Case No.:  24-cv-402-CAB-BLM<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>[Doc. No. 32] |

Plaintiff Steve Kassab filed a case in state court against The Regents of the University of California and various UC San Diego Medical Center employees for violation of three state law causes of action including (1) medical malpractice, (2) lack of informed consent, and (3) false imprisonment without arrest. Defendant United States of America, substituted for Navy employee Alice Kisteneff, removed the action to this Court. The Regents filed a motion to dismiss for failure to state a claim. The United States filed a motion to dismiss for lack of jurisdiction. On July 3, 2024, the Court granted the United States' motion to dismiss, as Plaintiff failed to exhaust his administrative remedies prior to filing his complaint as required by the Federal Tort Claims Act. [Doc. No. 31]. The Court

did not reach the merits of the Regents' motion to dismiss, instead remanding the state law claims against the remaining Defendants.

Plaintiff now moves for reconsideration pursuant to Federal Rule of Civil Procedure 60(b). [Doc. No. 32]. "The moving party under Rule 60(b) is entitled to relief from judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief from the operation of the judgment." *Am. Ironworks & Erectors, Inc. v. N. Am. Const. Corp.*, 248 F.3d 892, 899 (9th Cir. 2001).

Plaintiff does not satisfy the requirements for reconsideration. In his motion, Plaintiff argues that the Court erred in granting the United States' motion to dismiss due to the alleged failure of the Defendants to disclose that Kisteneff was an employee of the Navy. However, in response to the Court's July 3, 2024 Order, Plaintiff appears to have filed a claim with the Department of the Navy as required by the Federal Tort Claims Act. [Doc. No. 32 at 16-17]. Pending the resolution of that claim by the Department of the Navy, the Court continues to lack subject matter jurisdiction over Plaintiff's claims against the United States of America due to his failure to exhaust his administrative remedies. *See D.L. by & through Junio v. Vassilev*, 858 F.3d 1242, 1244 (9th Cir. 2017) ("[A]n administrative claim is deemed exhausted once the relevant agency finally denies it in writing, or if the agency fails to make a final disposition of the claim within six months of the claim's filing.").

Ultimately, the Court echoes the following sentiment expressed by another district judge that motions for reconsideration should not be used merely as an intermediate "appeal" before taking a disputed ruling to the Ninth Circuit:

> The Court cannot emphasize strongly enough that the Rules allowing for motions for reconsideration are not intended to provide litigants with a second bite at the apple. Rather, reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th

Cir. 2000). In an adversarial system such as ours, more often than not one party will win and one will lose. Generally, it follows that the losing party will be unhappy with the Court's decision. Rarely does the losing party believe that its position lacked merit, or that the Court was correct in ruling against it. Rather than either accept the Court's ruling or appeal it, it seems to have instead become *de rigueur* to file a motion for reconsideration. The vast majority of these motions represent a simple rehash of the arguments already made, although now rewritten as though the Court was the opposing party and its Order the brief to be opposed. It is easy for each litigant to consider only his or her own motion, and the seemingly manifest injustice that has been done to them. But the cumulative effect is one of abuse of the system and a drain on judicial resources that could be better used to address matters that have not yet been before the Court once, let alone twice.

This is not to say that a motion for reconsideration is never well-taken. A litigant should not shy from bringing to the Court's attention changes in facts and circumstances that render a ruling no longer logical, an intervening change in controlling authority, or other critical matters that the Rules provide should be brought to the Court's attention in this way. On this basis, motions for reconsideration should be few, far between, and narrowly focused. When this is the case, the Rules work as they were intended, and the Court can focus on the business of justice.

*Strobel v. Morgan Stanley Dean Witter*, No. 04CV1069 BEN(BLM), 2007 WL 1053454, at *3–4 (S.D. Cal. Apr. 10, 2007). The Court considered the entirety of the complaint, as well as all of the arguments in Plaintiff's opposition, when it granted the United States' motion to dismiss. Plaintiff's newly filed claim with the Department of the Navy does not remedy the Court's lack of subject matter jurisdiction, and Plaintiff's claims against the United States remain dismissed. Plaintiff's motion is **DENIED**.

It is **SO ORDERED.**

Dated: August 20, 2024

Hon. Cathy Ann Bencivengo
United States District Judge